IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELTON LEE MILLER                                          PLAINTIFF

v.                            Case No. 4:21-cv-04028

JOHN FELT, Head Judge,
Parole Board Chairperson;
JAZZMON N TRICE, Nurse,
Omega Center; and
MELDIN G SCOGGINS, Parole Officer,
Texarkana Probation Community Service                     DEFENDANTS

## **ORDER**

On February 10, 2021, Plaintiff Melton Lee Miller filed this case *pro se* pursuant to 42 U.S.C. § 1983 in the Eastern District of Arkansas. (ECF No. 2). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 1). On April 1, 2021, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 5). Before the Court is Plaintiff's failure to keep the Court informed of his address.

On April 1, 2021, the Court determined Plaintiff was ineligible for IFP status because he had, on at least three occasions, filed lawsuits which were dismissed on the grounds that his claims were frivolous, malicious, or failed to state a claim upon which relief may be granted. (ECF No. 7). The Court ordered Plaintiff to pay the $402 filing fee or file a pleading with the Court demonstrating why he does not believe each of the cases listed in the order constitutes a strike within the meaning of 28 U.S.C. §1915(g) or why he does not believe the three strikes rule applies to this case by May 3, 2021. *Id.* On April 26, 2021, mail sent to Plaintiff at his address of record was returned as undeliverable indicating "RTS RETURN TO SENDER ATTEMPTED – NOT KNOWN UNABLE TO FORWARD." (ECF No. 8).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 29th day of June, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge